# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRISTOPHER D-WAYNE YOUNG, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. CIV-16-399-JHP** |
| | ) | |
| CHARLES PEARSON, in his official | ) | |
| capacity as the Muskogee County | ) | |
| Sheriff, JOHN SANDERSFIELD, | ) | |
| and KEVIN JONES, | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

The Plaintiff Christopher D-Wayne Young brought suit against the Defendants, Charles Pearson, in his official capacity as Sheriff of Muskogee County, Oklahoma, as well as John Sandersfield and Kevin Jones pursuant to 42 U.S.C. § 1983, alleging claims regarding unreasonable search, unreasonable seizure, and denial of medical care. Defendant Pearson has filed a motion to disqualify Plaintiff's counsel, Dustin J. Hopson, alleging violations of the Oklahoma Rules of Professional Conduct. The Court referred the motion for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A), and the undersigned recommends granting the Defendant Charles Pearson's Motion to Disqualify Counsel for Conflict of Interest and Brief in Support [Docket No. 38].

### A. Factual Summary

On July 8, 2015, the Plaintiff was arrested by Defendant Sandersfield. Their interactions that day, an injury, and his treatment at the Muskogee County Jail comprise

the basis for his Complaint.  As relevant to the present motion, Mr. Hopson formerly

represented Defendant Sheriff Pearson for over four years, on at least two separate

matters:  (i) a case before this Court under the Fair Labor Standards Act, *Winters v.*

*Board of County Commissioners of Muskogee County and Charles Pearson, In His*

*Official Capacity*, Case No. CIV-11-441-JHP; and (ii) an EEOC matter.[1]

On February 9, 2017, the undersigned Magistrate Judge held an evidentiary

hearing, at which both Defendant Pearson and Plaintiff Young testified with regard to the

issue of the potential conflict.  Defendant Pearson testified that he was Sheriff of

Muskogee County from January 2001 through January 2017, and that he was represented

by Mr. Hopson in the *Winters* case and the EEOC matter.  Defendant Pearson testified

that Mr. Hopson's representation on the *Winters* case lasted more than four years, and his

representation on the EEOC matter lasted over two years.  During both of those

representations, he conveyed confidential information to Mr. Hopson, including

information related to supervisory practices, disciplinary practices, disciplining of other

deputies, aspects of jail administration and training of the officers, training, and

supervision of the jail.  He further testified that he believed having Mr. Hopson

representing the Plaintiff in this case gave the Plaintiff an unfair advantage, and that in

certain areas dealing with these cases, Mr. Hopson and his law firm were privy to

confidential information that was not publically available.

---

[1] The same woman involved in this EEOC matter is currently involved in another case
before this Court, but the parties are in agreement that Mr. Hopson left his previous firm over a
year before the case was filed and has not at any time represented Defendant Pearson in that
specific case.

## B.  Analysis

Defendant Pearson argues that Mr. Hopson's representation of the Plaintiff represents a direct conflict of interest, and that he ought to be disqualified from this matter.  Plaintiff, and Mr. Hopson, assert that Mr. Hopson's representation of Defendant Pearson is not substantially related.  For the reasons stated below, the undersigned Magistrate Judge finds that Mr. Hopson's representation of Defendant Pearson was substantially related to the present case and therefore ought to be disqualified.

This Court has adopted the Oklahoma Rules of Professional Conduct.  *See* LCvR 83.7(a).  Under the Oklahoma Rules of Professional Conduct, Rule 1.9(a) states, "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing."  In the Tenth Circuit, "a party seeking to disqualify opposing counsel must establish that '(1) an actual attorney-client relationship existed between the moving party and the opposing counsel; (2) the present litigation involves a matter that is 'substantially related' to the subject of the movant's prior representation; and (3) the interests of the opposing counsel's present client are materially adverse to the movant.'"  *United States v. Stiger*, 413 F.3d 1185, 1196 (10th Cir. 2005), *quoting Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1383 (10th Cir. 1994). In the present case, the parties agree that the first and third prongs have been established. Accordingly, the only question at issue before the undersigned is whether the present case

involves a matter that is substantially related to Mr. Hopkin's prior representation of Defendant Pearson.

"To accomplish this inquiry, the court must be able to reconstruct the attorney's representation of the former client, to infer what confidential information could have been imparted in that representation, and to decide whether that information has any relevance to the attorney's representation of the current client." *Koch v. Koch Industries*, 798 F. Supp. 1525, 1536 (D. Kan. 1992). However, "[a] former client is not required to reveal the confidential information learned by the lawyer in order to establish a substantial risk that the lawyer has confidential information to use in the subsequent matter. A conclusion about the possession of such information may be based on the nature of the services the lawyer provided the former client and information that would in ordinary practice be learned by a lawyer providing such services." *Accounting Principles, Inc. v. Manpower, Inc.*, 599 F. Supp. 2d 1287, 1292 (N.D. Okla. 2008), *quoting* Okla. Stat. tit. 5, Ch. 1, App. 3-A, Rule 1.9, Cmt. 3. In other words, "the Court may conclude that these attorneys have confidential information to use in this matter if [the movant] demonstrates that (1) an actual attorney-client relationship existed; and (2) this case involves a matter that is substantially related to the [previous representation]." *Accounting Principles*, 599 F. Supp. 2d at 1292.

The Oklahoma statutory comments are likewise revealing in helping to decipher the definition of "substantially related":

> Matters are "substantially related" for purposes of this Rule if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been

> obtained in the prior representation would materially advance the client's position in the subsequent matter. . . . Information that has been disclosed to the public or to other parties adverse to the former client ordinarily will not be disqualifying. Information acquired in a prior representation may have been rendered obsolete by the passage of time, a circumstance that may be relevant in determining whether two representations are substantially related. In the case of an organizational client, general knowledge of the client's policies and practices ordinarily will not preclude a subsequent representation; on the other hand, knowledge of specific facts gained in a prior representation that are relevant to the matter in question ordinarily will preclude such a representation.

Okla. Stat. tit. 5, Ch. 1, App. 3-A, Rule 1.9, Cmt. 3. "The underlying question is whether the lawyer was so involved in the matter that the subsequent representation can be justly regarded as a changing of sides in the matter in question." *Stiger*, 413 F.3d at 1196, *quoting* Model Rules of Professional Conduct R. 1.9, Cmt. Moreover, "[a] commonality of legal claims or issues is not required." *Koch*, 798 F. Supp. at 1536. In other words, substantially related means "the lawyer could have obtained confidential information in the first representation that would have been relevant in the second." *Analytica, Inc. v. NPD Research, Inc.*, 708 F.2d 1263, 1266 (7th Cir. 1983), *cited with favor by Koch*, 798 F. Supp. at 1536 n.16. "The court need not inquire into whether the confidential information was actually revealed or whether the attorney would be likely to use the information to the disadvantage of the former client. . . . Doubts as to whether a substantial relationship exists should be resolved in favor of disqualification." *Koch*, 798 F. Supp. at 1536-1537.

At the evidentiary hearing, Defendant Pearson testified, and Mr. Hopson agreed, that while the *Winters* case was filed based on the FLSA, his defenses involved training and discipline of the employee in that case. Defendant Pearson further testified that in his

confidential communications with Mr. Hopson, he shared a great deal with Mr. Hopson regarding other employees under his authority and how he handled those situations, including possible mistakes he had made.  These confidential communications involved supervision, training, and discipline.   Plaintiff asserts that the County's policies, procedures, and even disciplinary matters to some extent are subject to the Open Records Act,[2] and therefore Defendant Pearson did not provide him with privileged information. Defendant Pearson's testimony, however, was that he provided confidential information—beyond that contained in the Open Records Act—to Mr. Hopson in the course of these matters, and the undersigned Magistrate Judge agrees.  *See Leslie v. Fielden*, 2011 WL 1655969, at *5 (N.D. Okla. May 2, 2011) ("Attorneys and clients reveal many confidences regarding litigation topics before they become 'relevant' in the actual proceeding.  Often, such confidences are revealed in hopes that they never become relevant in the proceeding.  This does not render the information shared by the client with his counsel any less 'confidential' or any less damaging in a subsequent proceeding regarding that same topic.").  Indeed, when asked by the undersigned Magistrate Judge, Mr. Hopson stated that he would have difficulty in a situation in which Defendant Pearson was being deposed and he made statements that Mr. Hopson knew to be untrue, based on his former representation of the Defendant.  Here, it seems likely that Mr.

---

[2] Mr. Hopson also pointed out that he should not be disqualified merely because he formerly worked at the firm now representing Defendant Pearson.  But that is not the question before the Court in the present motion.  In *this* case, Mr. Hopson directly represented Defendant Pearson on matters that are deemed substantially related.

Hopson obtained "knowledge of specific facts gained in a prior representation that are relevant to the matter in question." Okla. Stat. tit. 5, Ch. 1, App. 3-A, Rule 1.9, Cmt. 3.

For these reasons, the undersigned Magistrate Judge finds that Mr. Hopson's previous representation of Defendant Pearson is substantially related to the present case, and that there is substantial risk that Mr. Hopson gained confidential information based on his former attorney/client relationship with Defendant Pearson that could potentially give him a material advantage in this case. The Plaintiff testified at the evidentiary hearing that being required to obtain new counsel would be a hardship, because he was accustomed to working with Mr. Hopson and did not know how to find another attorney. However, he did agree with the undersigned Magistrate Judge that he trusted Mr. Hopson's advice and would be likely to take Mr. Hopson's advice for finding alternative counsel. Accordingly, the undersigned Magistrate Judge finds that the Plaintiff should be directed to obtain new counsel.

## C. Conclusion

In summary, the undersigned Magistrate Judge PROPOSES the findings set forth above and accordingly RECOMMENDS that Defendant Charles Pearson's Motion to Disqualify Counsel for Conflict of Interest and Brief in Support [Docket No. 38] be GRANTED. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

IT IS SO ORDERED this 1st day of March, 2017.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma